247 So.2d 389

**STATE of Louisiana**

v.

**Charles TAYLOR.**

No. 51390.

May 12, 1971.

In re: Charles Taylor applying for writs of certiorari, prohibition and mandamus.

Writs refused.

The rulings complained of are correct.

BARHAM and TATE, JJ., are of the opinion the writ should be granted and will assign separate written reasons.

DIXON, J., is also of the opinion the writ should be granted for the reasons assigned by Barham and Tate, JJ.

TATE, Justice (dissenting).

The defendant was convicted of desecrating the flag of the United States, La.R.S. 14:116(4), because he displayed a flag which had a peace symbol in a blue field in its upper left-hand corner, and thirteen red and white horizontal stripes, resembling the American flag in its design. Also, at issue was the display of decals of a similar nature.

If the statute permits prosecution of this display of a somewhat similar flag as "desecration" of the American flag, it is impermissibly vague and overbroad. If the statute does not apply, the conviction should be set aside as charging an offense beyond the terms of the statute as a matter of law. In either event, the conviction represents an infringement upon constitutional rights of free Americans to free speech and the free expression of their opinions, popular or unpopular.

I respectfully dissent from the denial of the writ.

BARHAM, Justice, is of the opinion that the writ should be granted. The defendant filed a motion to quash a bill of information charging that he "publicly defiled and in other ways acted in such a manner as to cast contempt upon the flag of the United States of America". The statute under which the bill was drawn is R.S. 14:116(4), which reads: "Flag desecration is the act

of any person who shall intentionally, in any manner, for exhibition or display: * * * (4) Publicly mutilate, defile, or by word or act cast contempt upon any flag. * * *" That statute and of course the bill under which this accused was charged are vague, ambiguous, and in violation of United States Constitution, First and Sixth Amendments, and Louisiana Constitution of 1921, Article I, Section 3, and Article I, Section 10.